**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSHUA HANS ABAT JAO,<br><br>Defendant - Appellant. | No. 24-6006<br><br>D.C. No.<br>1:23-cr-00031-RVM-2<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSHUA HANS ABAT JAO,<br><br>Defendant - Appellant. | No. 24-6747<br><br>D.C. No.<br>1:23-cr-00031-RVM-2 |

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

  v.

LUELLA RICHELLE ABAT JAO,

         Defendant - Appellant.

No. 24-6010

D.C. No.
1:23-cr-00031-RVM-1

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

  v.

LUELLA RICHELLE ABAT JAO,

         Defendant - Appellant.

No. 24-6734

D.C. No.
1:23-cr-00031-1

---

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

  v.

SAORI OKI JAO,

         Defendant - Appellant.

No. 24-6048

D.C. No.
1:23-cr-00031-RVM-3

2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAORI OKI JAO,

Defendant - Appellant.

No. 24-6749

D.C. No.
1:23-cr-00031-RVM-3

Appeal from the District Court of Guam
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted February 11, 2026
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Codefendants-Appellants Luella, Joshua, and Saori Jao conspired to steal money from Luella and Saori's employer over several years using fraudulent documents to collect unearned commissions. All three pled guilty knowing that their Sentencing Guidelines ranges would depend on the calculation of loss. *See* U.S. Sent'g Guidelines Manual § 2B1.1, U.S. Sent'g Comm'n 2023 (U.S.S.G.). Despite the Government stipulating to a loss amount under $40,000 in the plea agreements, the district court—based on information contained in presentence investigation reports (PSRs), provided in discovery, and gleaned through witness testimony— determined that the loss was nearly $240,000. It relied on this figure to calculate the

Guidelines ranges and sentence the Jaos accordingly.[1] The district court also imposed restitution for each defendant equal to his or her loss amount. The Jaos appeal their sentences, orders for restitution, and denial of their motion to disqualify the district judge.[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the constitutionality of a sentence and the legality of a restitution order de novo. *United States v. Barlow*, 83 F.4th 773, 779 (9th Cir. 2023); *United States v. Kaplan*, 839 F.3d 795, 800 (9th Cir. 2016). We review for clear error the district court's "factual findings with respect to monetary loss to victims" and factual findings underlying a restitution order. *United States v. Bright*, 353 F.3d 1114, 1118 (9th Cir. 2004); *Kaplan*, 839 F.3d at 800. And "a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). We review the district court's denial of a motion to disqualify for abuse of discretion. *See United States v. Mikhel*, 889 F.3d 1003, 1025 (9th Cir. 2018).

---

[1] Saori Jao entered the scheme at a later date and was held responsible for a proportionately lesser amount.

[2] At oral argument, counsel informed the court that Saori Jao "has finished serving her sentence and has been deported to her home nation of Japan," so "solely the restitution issue . . . remains outstanding as to her." United States Court of Appeals for the Ninth Circuit, *24-6006 USA v. Jao*, (YouTube, Feb. 11, 2026), https://www.youtube.com/watch?v=d-6zkbZmpWk [https://perma.cc/N2YM-2BNM]. We therefore do not consider her arguments regarding sentencing or disqualification.

1. The district court did not err when it called and questioned witnesses at sentencing to resolve objections to the PSR and ascertain the proper loss amount. "No limitation shall be placed on the information . . . [that] a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. District courts have discretion to call and question witnesses at sentencing hearings so long as they remain impartial and do not distort the evidence. *United States v. Alfaro*, 336 F.3d 876, 883–84 (9th Cir. 2003). In fact, the "preferable procedure" in this Circuit is for district courts to "conduct the questioning themselves where they feel it necessary to receive testimony in support of a sentence different from the one the prosecutor has agreed to recommend." *United States v. Allen*, 434 F.3d 1166, 1176 (9th Cir. 2006). That is what the district court did here, and nothing in the record suggests that the court took on the prosecution's role, abandoned neutrality, or prejudged any issue.

2. The district court did not err by failing to provide notice to the parties, ahead of the first sentencing hearing, that it had questions about the loss amount and intended to inquire about that issue. "Due process always requires, at a minimum, notice and an opportunity to respond." *United States v. Raya-Vaca*, 771 F.3d 1195, 1204 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). Here, the Jaos' plea agreements informed them that the court was "under no obligation to accept any recommendations made by the

5                                                        24-6006

United States and/or by the Defendant[s]," would "obtain an independent report and sentencing recommendation from the U.S. Probation Office," and could "in its discretion, impose any sentence it deems appropriate up to the statutory maximums." Further, the court granted a continuance and provided additional time for counsel to make objections to the amended PSRs that included the higher loss calculations. The district court did not violate Appellants' due process rights.

3. The record supports the district court's factual findings on loss and restitution, and the district court did not abuse its discretion in relying on the evidence presented through the Jaos' plea agreements, the PSRs, and witness testimony. The district court "need not make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information." *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007). "In allowing estimates of monetary loss, the Guidelines note expressly the difficulty of calculating monetary loss accurately." *United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009); *see* U.S.S.G § 2B1.1, cmt. n.3(C). Likewise, a restitution order need only be supported by a preponderance of the evidence, *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011), and district courts have "broad discretion in the kind and amount of evidence required to order restitution," *United States v. Zink*, 107 F.3d 716, 719 (9th Cir. 1997) (cleaned up).

The district court's findings on loss and restitution satisfied the standards of

proof and precision required. The Jaos admitted in their plea agreements to the facts establishing their fraudulent commission scheme. And the PSRs contained a chart listing over $225,000 worth of fraudulent, forged signature commissions, complete with dates, names of forged signatures, and payment amounts. No defendant has identified here or before the district court even one transaction that is factually incorrect or wrongly attributed to their conspiracy. The probation officer's and victim's testimonies established the veracity of the forged signature chart and directly supported the district court's higher loss and restitution calculations. Finally, the district court independently located information that corroborated the forged signature chart, supported the victim's testimony, and discredited many of the Jaos' claims.

Because the district court's findings were neither "illogical" nor "without support in inferences that may be drawn from the facts in the record," we affirm the district court's loss calculation and restitution orders. *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012) (cleaned up); *Gasca-Ruiz*, 852 F.3d at 1175.

4. The district court did not err in denying the Jaos' motion to disqualify the district judge based on the sentencing proceedings. A judge should participate in an assigned case unless "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v.*

*United States Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (cleaned up); 28 U.S.C § 455(a). The extrajudicial-source doctrine "generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of" the proceedings. *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). The Jaos do not allege any specific extrajudicial conduct or information that would create the appearance of impropriety or partiality.

Regarding judicial conduct during the proceedings, Judge Manglona was thorough, thoughtful, and impartial. A district court does not act, or appear to act, improperly at a sentencing hearing by calling and examining witnesses. *Alfaro*, 336 F.3d at 883–84. Because Judge Manglona's careful approach throughout sentencing was laudable, not prejudicial or indicative of bias, we affirm her denial of the motion to disqualify.[3]

**AFFIRMED.**

---

[3] Defendant Luella Jao's motion for judicial notice of an unrelated hearing transcript (Case No. 24-6010, Dkt. 14) is hereby granted. It does not affect our disposition.